**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Gordon Lee MCVAY, Defendant— Appellant.**

No. 04–30225.

United States Court of Appeals, Ninth Circuit.

---

Submitted July 14, 2005.*

Decided July 27, 2005.

Ronald W. Skibbie, Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. FED. R.APP. P. 34(a)(2).

Philip Edward Nino, Esq., Spokane, WA, for Defendant–Appellant.

Before: TASHIMA, PAEZ, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Gordon McVay challenges his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924. He makes nine arguments and we address each in turn.

■ McVay first claims that the officers' protective sweep and subsequent search were flawed. We review de novo the district court's denial of his suppression motion, *United States v. Crawford,* 372 F.3d 1048, 1053 (9th Cir.2004) (en banc), and review for clear error the district court's factual findings underlying that decision. *United States v. Bynum,* 362 F.3d 574, 578 (9th Cir.2004). We conclude that the district court did not clearly err in finding that the protective sweep of McVay's bedroom was warranted for officer safety and the safety of others. In addition, once they were lawfully inside the bedroom, it is uncontested that the officers saw the incriminating evidence in plain view. Thus, the district court properly deemed the evidence admissible under the plain-view exception to the warrant requirement. Furthermore, the officers sought and received a valid search warrant to search McVay's bedroom based on probable cause. We find that there is no basis for McVay to challenge the search on Fourth Amendment grounds.

Next, McVay argues that the evidence was insufficient to support his conviction. This court reviews sufficiency-of-evidence claims de novo. *United States v. Shipsey,* 363 F.3d 962, 971 n. 8 (9th Cir.2004). When viewed in the light most favorable to the prosecution, the record reflects that the evidence was more than sufficient to allow a rational trier of fact to find the element of possession beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); accord *United States v. Ramirez–Robles,* 386 F.3d 1234, 1240 (9th Cir.2004).

As for McVay's third argument, we review for an abuse of discretion the district court's decision not to vacate the firearm conviction, after severing the drug count and vacating the drug conviction. *United States v. Sarkisian,* 197 F.3d 966, 978 (9th Cir.1999). In order to prevail on this point, McVay must show that he suffered prejudice on account of the district court's decision. *Id.; United States v. Johnson,* 297 F.3d 845, 855 (9th Cir.2002). McVay fails to make this critical showing. We therefore conclude that the district court did not abuse its discretion in declining to order a new trial on the firearm charge.

■ For his fourth argument, McVay states that his written declaration constituted inadmissible hearsay. We find that the district court properly admitted the declaration under the party-opponent exception to the hearsay rule under Federal Rule of Evidence 801(d)(2). *United States v. Ortega,* 203 F.3d 675, 682 (9th Cir.2000).

■ With regard to his fifth argument, we review the admission of the knife into evidence for plain error in light of McVay's failure to make an objection to the knife at any time during the proceed-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ings below. Fed. R.Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 733–35, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *United States v. Romero–Avila*, 210 F.3d 1017, 1021–22 (9th Cir.2000). McVay fails to establish plain error in the government's admission and references to the knife at trial. Even if McVay succeeded in showing that the knife was irrelevant and inadmissible, he would still have to demonstrate that the claimed error was prejudicial to attain a reversal. *Jones v. United States*, 527 U.S. 373, 388–89, 119 S.Ct. 2090, 144 L.Ed.2d 370 (1999). Notwithstanding evidence of the knife, it is clear from the record that the jury had substantial evidence on which to find McVay guilty on the firearm charge. He therefore fails to meet his burden. *Olano*, 507 U.S. at 734, 113 S.Ct. 1770.

■ With respect to his sixth argument, we conclude that McVay's ineffective-assistance claim implicates matters outside the record of this case that would be more properly addressed by collateral attack under the federal habeas statute, 28 U.S.C. § 2255. *United States v. Lillard*, 354 F.3d 850, 853 (9th Cir.2003); *United States v. Robinson*, 967 F.2d 287, 290 (9th Cir.1992). Accordingly, we dismiss this claim without prejudice.

■ As to his seventh argument, we review McVay's allegation of prosecutorial misconduct during closing argument for plain error since he did not raise a timely objection in the district court. *United States v. Geston*, 299 F.3d 1130, 1134 (9th Cir.2002). McVay claims that the government's conduct "resulted in undue prejudice," but he fails to make any showing to support his conclusion. We therefore reject his claim of prosecutorial misconduct.

What remain are McVay's arguments regarding his sentencing. We review the district court's denial of McVay's request of a third continuance for a "clear" abuse of discretion. *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir.1985). The district court acted well within its discretion in not further delaying the sentencing hearing, and McVay fails to show that he suffered prejudice by not receiving a further continuance.

■ McVay's final argument is that the district court erred in determining that three of his prior convictions qualified as crimes of violence and thereby supported his enhanced sentence. We note that the sentencing in this case came six weeks before the Supreme Court decided *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), eight months before the Supreme Court's decision in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and more than a year before this court handed down its en banc opinion in *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en banc). Given that the district court followed the then-mandatory sentencing guidelines in imposing a sentence that is greater than the statutory minimum of 15 years, it is possible that the district court may have sentenced McVay differently had it known that the guidelines were only advisory. Accordingly, a limited remand in accordance with *Ameline* is appropriate to give the district court the option of resentencing McVay if it is so inclined. *Id.* at 1084 & n. 8.

McVay's conviction is AFFIRMED, his ineffective-assistance claim is DISMISSED, and the case is REMANDED for further proceedings consistent with our decision in *Ameline*.