UNITED STATES of America, Plaintiff–Appellee,

v.

Lonnie LILLARD, Defendant–Appellant.

No. 02–50264.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 2003.

Filed Dec. 2, 2003.

---

Robison D. Harley, Santa Ana, California, for the defendant-appellant.

Mark A. Young, Los Angeles, California, for the plaintiff-appellee.

Before: B. FLETCHER, RYMER, and GRABER, Circuit Judges.

BETTY B. FLETCHER, Circuit Judge:

Appellant Lonnie Lillard appeals his jury conviction and sentence for conspiracy to possess and distribute cocaine in violation of 21 U.S.C. § 846. Lillard argues that his conviction should be reversed for three reasons: (1) the trial court abused its discretion by admitting character evi-

dence in violation of Fed.R.Evid. 404(b) and 403; (2) the trial court committed plain error by failing to give an alibi instruction to the jury; and (3) he was denied effective assistance of counsel because his trial attorney failed to call available alibi witnesses. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## STANDARDS OF REVIEW

■ This court applies de novo review to the questions of whether particular evidence falls within the scope of a rule of evidence, *United States v. Smith,* 282 F.3d 758, 768(9th Cir.2002), and whether evidence is relevant to the conduct charged in the indictment or only to other acts, *United States v. Mundi,* 892 F.2d 817, 820 (9th Cir.1989). The district court's decision to admit or exclude evidence is reviewed for abuse of discretion. *United States v. Danielson,* 325 F.3d 1054, 1075 (9th Cir.2003) (Fed.R.Evid.404(b)); *United States v. Gonzalez–Torres,* 309 F.3d 594, 601 (9th Cir.2002) (Fed.R.Evid.403), *cert. denied,* —— U.S. ——, 123 S.Ct. 1768, 155 L.Ed.2d 526 (2003). Because Lillard neither requested a jury instruction, nor made a contemporaneous objection when one was not given, we review the district court's omission of such an instruction for plain error. *See Jones v. United States,* 527 U.S. 373, 388, 119 S.Ct. 2090, 144 L.Ed.2d 370 (1999); *United States v. Franklin,* 321 F.3d 1231, 1240 (9th Cir.), *cert. denied,* —— U.S. ——, 124 S.Ct. 161, 157 L.Ed.2d 106 (2003). We decline to review ineffective assistance of counsel claims raised on direct appeal unless the record is adequately developed. *United States v. Ross,* 206 F.3d 896, 900 (9th Cir.2000).

## BACKGROUND

In November 2000, Drug Enforcement Agency agents and task force officers began monitoring the cellular telephone conversations of German Duenez, who worked for Martin Dominguez, a transporter of narcotic drugs. Both Duenez and Dominguez were co-defendants of the appellant, Lonnie Lillard. In November and December 2000, Duenez made arrangements with Howard Hooper, another co-defendant and the apparent employer of Lillard, to have Lillard drive a shipment of drugs from McAllen, Texas to the East Coast. According to the conversations, Lillard was to be paid $20,000 for delivering the drugs to New Jersey.

Lillard arrived in McAllen, as arranged, to pick up the drugs. He later met with Dominguez' associates to have the drugs loaded onto the truck. During the trip from Texas to New Jersey, Lillard told Hooper that a couple of the boxes had burst open, and that the boxes contained cocaine. Upon delivery of the drugs in New Jersey, Duenez and other employees of Dominguez discovered that eight bundles of cocaine were missing from the shipment. After Dominguez complained about the eight missing bundles, Hooper agreed to accept half the agreed-upon fee and to transport another load of cocaine in order to settle the dispute. Lillard later showed approximately seven kilograms of cocaine to Hooper, and told him that it was the cocaine that he had stolen from the December shipment. Lillard sold the stolen cocaine and shared the proceeds with Hooper.

Lillard and eight co-defendants were charged with narcotics crimes by a federal grand jury in the Central District of California. In particular, Lillard was charged with conspiracy to distribute, and conspiracy to possess with intent to distribute, at least five kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1). The indictment alleged that (1) Lillard conspired with his co-defendants to transport 150 kilograms

of cocaine from McAllen, Texas to New Jersey in December 2000, and (2) he stole eight kilograms from that load.

Lillard filed a motion in limine to exclude evidence of his theft of the eight kilograms of cocaine, arguing that evidence of this theft had no probative value, and was unfairly prejudicial. The district court denied the motion to exclude, and the parties proceeded to trial. On the second day of the trial, defense counsel informed the court that a witness he intended to call would provide an alibi for Lillard. The court allowed Lillard to call this witness—Georgina Penny Lorraine Harder, the defendant's fiancée—who testified that she had called Lillard almost every day at his mother's house in Chicago during the time period the government alleged he was in Texas collecting the cocaine.

At the conclusion of trial, both the government and the defense submitted proposed jury instructions. Defense counsel did not request an alibi instruction, and did not object to the court's failure to include one. He did, however, discuss Harder's testimony regarding Lillard's alibi during his closing argument. The jury convicted Lillard of conspiracy to possess and distribute cocaine.

## DISCUSSION

### I. Admission of evidence of the eight-kilogram theft

■ Lillard's argument that Fed R. Evid. 404(b) prohibited the admission of evidence of his theft of the eight kilograms of cocaine is unavailing. Rule 404(b) prevents the admission of "other crimes, wrongs, or acts" to prove the character or criminal propensity of a defendant, but permits such evidence to be used for the limited purposes of proving "motive, opportunity, intent, preparation, plan, knowl-

edge, identity, or absence of mistake or accident." This rule is inapplicable, however, where the evidence the government seeks to introduce is directly related to, or inextricably intertwined with, the crime charged in the indictment. *See United States v. Williams,* 989 F.2d 1061, 1070 (9th Cir.1993) ("Evidence should not be considered 'other crimes' evidence when the evidence concerning the other act and the evidence concerning the crime charged are inextricably intertwined.") (internal quotation marks and citations omitted).

■ Evidence of Lillard's theft of the cocaine was inextricably intertwined with the conspiracy charge. As we noted in *Williams,* "[t]he policies underlying rule 404(b) are inapplicable when offenses committed as part of a single criminal episode become other acts simply because the defendant is indicted for less than all of his actions." *Id.* (internal quotation marks and citation omitted). Lillard stole the cocaine from the very shipment that provided the basis for his involvement in the conspiracy to possess and distribute cocaine. *See United States v. Vizcarra–Martinez,* 66 F.3d 1006, 1012(9th Cir.1995) (evidence is "inextricably intertwined" if "it constitutes a part of the transaction that serves as the basis for the criminal charge"). Telephone conversations among Duenez, Dominguez, and Hooper discussing the missing eight bundles of cocaine all identify Lillard as the driver of the December shipment. Lillard's subsequent admissions to Hooper concerning the theft provide additional evidence of identity, but more importantly serve to establish another element of the conspiracy, namely Lillard's knowledge of the contents of the illegal December shipment.

■ Moreover, the district court's admission of the evidence did not violate Fed.R.Evid. 403, which provides that even relevant evidence "may be excluded if its

probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Both parties agree that the trial judge did not engage in an explicit Rule 403 analysis, but note correctly that it is sufficient if a review of the record shows that the court considered the rule's requirements before admitting the evidence. *See United States v. Jackson,* 84 F.3d 1154, 1159 (9th Cir. 1996) (finding that the court implicitly found that the disputed evidence's probative value outweighed its prejudicial effect because "immediately before the court's initial decision to admit the evidence, [defendant]'s counsel argued repeatedly that it was unduly prejudicial"); *United States v. Ramirez–Jiminez,* 967 F.2d 1321, 1326 (9th Cir.1992) (finding that the district court had implicitly evaluated Rule 403's requirements because the government's trial memorandum "reminded the judge of the necessity of weighing probative value and prejudice").

In this case, Lillard's counsel specifically and repeatedly argued for the exclusion of the evidence on the grounds that it was "highly prejudicial to the defense," and that the evidence "ha[d] no probative value and[was] unfairly prejudicial under F.R.E. 403." Given these facts, we conclude that the district court implicitly balanced the probative value of the evidence against its prejudicial effect, and therefore did not abuse its discretion in deciding to admit the evidence.

## II. Failure to give an alibi jury instruction

■ As noted above, because Lillard did not object to the district court's failure to give an alibi instruction at the time of trial, we review this claim for plain error.

[B]efore an appellate court can correct an error not raised at trial, there must be (1) "error," (2) that is "plain," and (3) that "affect[s] substantial rights." If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings."

*Johnson v. United States,* 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (clarifying the test in *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), which applied Fed. R.Crim.P. 52(b)) (internal quotation marks omitted).

■ Several cases of this court establish that an alibi instruction must be given when it is requested by the defendant. *See, e.g., United States v. Zuniga,* 6 F.3d 569, 570 (9th Cir.1993) ("An alibi instruction is critical because a juror, unschooled in the law's intricacies, may interpret a failure to prove the alibi defense as proof of the defendant's guilt. To avoid this possibility, where alibi is the defense, a suitable *alibi* instruction *must be given when requested."*) (internal citation and quotation marks omitted) (emphasis in original); *United States v. Mason,* 902 F.2d 1434, 1438 (9th Cir.1990) ("A defendant is entitled to have the judge instruct the jury on his theory of defense, provided that it is supported by law and has some foundation in the evidence."). Moreover, failure to give a requested alibi instruction, where there is evidence to support it, is per se reversible error. *United States v. Hairston,* 64 F.3d 491, 495 (9th Cir.1995).

■ No case, however, requires the trial court to give a sua sponte instruction on alibi; on the contrary, our precedent establishes that failure to give an alibi instruction is not error if the defendant did not request such an instruction. *See United States v. Loya,* 807 F.2d 1483, 1493–94 (9th Cir.1987) (holding that the district court's instruction that the jury need not

find the crimes were committed on a certain date did not affect the fundamental fairness of the trial, despite defendants' evidence of alibi, where defendants did not request an alibi instruction); *Lewis v. United States*, 373 F.2d 576, 579 (9th Cir. 1967) ("The last error alleged is that no instruction on alibi was given. The short answer is that none was offered and none requested.... An exception exists in certain cases where the court, of its own volition, must deliver certain instructions; but this is not such a case."); *Holm v. United States*, 325 F.2d 44, 45 (9th Cir. 1963) ("[The defendant] now complains that the trial court failed to give an instruction on the defense of alibi and thus committed reversible error. The answer to that assignment of error is that appellant failed to ask the court to give such an instruction and hence his objection at this time is without merit.").

Lillard did not request an alibi instruction. In the absence of a request from the defendant, the omission of an alibi instruction cannot be plain error.

### III. Ineffective assistance of counsel

Lillard argues on appeal that his trial attorney, David Reed, provided ineffective assistance of counsel and prejudiced his defense by failing to call available alibi witnesses to corroborate the testimony of his fiancée. Ineffective assistance of counsel claims are generally inappropriate on direct appeal. *Ross*, 206 F.3d at 900. "Challenge by way of a habeas corpus proceeding is preferable as it permits the defendant to develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted." *United States v. Pope*, 841 F.2d 954, 958 (9th Cir.1988).

Ineffective assistance claims may nevertheless be reviewed on direct appeal in two circumstances: "1) when the record on appeal is sufficiently developed to permit review and determination of the issue, or 2) when the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." *United States v. Robinson*, 967 F.2d 287, 290 (9th Cir.1992) (internal citations omitted).

The present case does not fit either of those criteria. First, the record on appeal does not contain all the facts necessary to evaluate the strength of Lillard's ineffective assistance claim. The only evidence cited by Lillard in his appellate brief to support his claim are his statements during the sentencing hearing, when he claimed that his mother and others present at her house in December 2000 were willing to corroborate Harder's testimony, but had not been subpoenaed by Reed. The record does not disclose whether trial counsel had contacted these alleged alibi witnesses, nor does it contain any facts that may explain why he did not call them as witnesses, if Lillard had requested him to do so. In fact, Lillard concedes that "[t]he court never developed any record as to why counsel failed to call these witnesses to support appellant's alibi defense."

Second, from our review of the trial record, Lillard does not have a basis to claim that defense counsel's representation was so inadequate that he was denied his Sixth Amendment right to counsel. Reed cross-examined eight of the thirteen witnesses called by the government; called one witness (Penny Harder) for the defense; submitted one exhibit; gave opening and closing statements; filed a motion in limine for the exclusion of evidence; and made several objections to the admission of evidence and questions asked by the prosecutor during the trial. In short, Lillard's trial counsel's performance was not so lacking that the Appellant was denied

his constitutional right to counsel. *See Reid v. United States,* 334 F.2d 915, 919 (9th Cir.1964) ("One who asserts that his attorney did not provide legal representation adequate to meet the requirements of the Sixth Amendment has a heavy burden to sustain.... [I]t is necessary to show that counsel was so incompetent or inefficient as to make the trial a farce or a mockery of justice.") (internal citation and quotation marks omitted).

For these reasons, we decline to rule on Lillard's ineffective assistance claim.

**AFFIRMED.**