**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Robert MORRISON, Defendant—
Appellant.**

**No. 03–30323.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 10, 2004.[*]

Decided May 19, 2004.

Aaron N. Lucoff, Esq., USBO—Office of the U.S. Attorney, Boise, ID, for Plaintiff–Appellee.

Mark S. Moorer, Esq., Moscow, ID, for Defendant–Appellant.

Before: CANBY, KOZINSKI and PAEZ, Circuit Judges.

MEMORANDUM [**]

Robert Morrison appeals his jury conviction and 85–month sentence for conspiracy to distribute, and distribution of, methamphetamine, in violation of 21 U.S.C. §§ 841 and 846.

Morrison contends that he received ineffective assistance of trial counsel at various stages of the proceedings in district court. "Ineffective assistance of counsel claims are generally inappropriate on direct appeal[, but] ... *may* nevertheless be reviewed on direct appeal in two circumstances: '1) when the record on appeal is sufficiently developed to permit review and determination of the issue, or 2) when the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel.'" *United States v. Lillard*, 354 F.3d 850, 856 (9th Cir.2003) (emphasis added). Because neither circumstance is present in this case, we decline to address Morrison's ineffective assistance of counsel claims. *Cf. Massaro v. United States*, 538 U.S. 500, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003) (noting that it is preferable to bring inef-

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

fective assistance claims in a 28 U.S.C. § 2255 motion in order to allow "additional factual development" concerning the actions taken or omitted by counsel).

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.