**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Sean MESSANO, Defendant–Appellant.**

**No. 03–50144.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 4, 2004.

Decided Nov. 4, 2004.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Rodrigo A. Castro–Silva, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Michael Tanaka, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: CANBY, HANSEN,* and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Sean Messano appeals his jury conviction for using the Internet to attempt to induce a minor to engage in criminal sexual activity, in violation of 18 U.S.C. § 2422(b) (2000). The minor was actually an FBI special agent posing as a 13–year-old girl named Ashley. Messano developed a relationship with her over a course of months, communicating on the Internet and discussing sexually explicit activity. They agreed to meet for the purpose of engaging in sexual activity, and the FBI arrested Messano at the meeting place. When interviewed by FBI agents after his arrest, Messano said that he had been communicating regularly with 15 people on the Internet, and 4 of them (Ashley, Cuddlebear551, Dawn3344, and Ariannaqt) claimed to be minors. During this interview, he never said that he thought Ashley was actually an adult who was role-playing

as a minor on the Internet. To the contrary, he said that she was 14 years old and that he wanted to be her first sexual partner.

■■■■ 1. We have reviewed the record and conclude that the district court did not abuse its discretion by excluding as irrelevant the evidence concerning an Internet contact by the name of Cuddlebear551, a minor from Virginia who was being abused by her father. Messano sought to demonstrate a lack of intent to induce Ashley by showing that he sought to help Cuddlebear551 by attempting to report her abuse to authorities and did not attempt to induce her to sexual activity. Under de novo review, we conclude that the evidence relating to Cuddlebear551 was properly excluded because it was not similar enough to the conduct charged in the indictment to be relevant to intent. See United States v. Lillard, 354 F.3d 850, 853 (9th Cir.2003) (standard of review); United States v. Luna, 21 F.3d 874, 878 & n. 1 (9th Cir. 1994) (holding evidence must be similar to the offense charged to be admissible on the issue of intent under Fed.R.Evid. 404(b)). Furthermore, the district court did not abuse its discretion by concluding that any probative value that this rather vague evidence might have was substantially outweighed by the danger that it might confuse or mislead the jury. See Fed.R.Evid. 403; United States v. Hitt, 981 F.2d 422, 424 (9th Cir.1992) ("The district judge has wide latitude in making Rule 403 decisions.").

■■■■ 2. The defense sought to elicit testimony that the FBI had concluded through post-arrest discovery that two of Messano's four Internet contacts who claimed to be minors (Dawn3344 and Ari-

---

* The Honorable David R. Hansen, United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

annaqt) were actually adults role-playing as minors. The government objected, the district court sustained the objection, ruling that the evidence was irrelevant, and testimony continued. Messano made no offer of proof or argument supporting his theory of relevance in objection to the court's ruling. Now on appeal, Messano argues that it was obvious that he sought to introduce the evidence as support for his role-playing defense—i.e., that he could tell whether he was communicating with an adult role-playing as a minor or with an actual minor, and he knew Ashley was really an adult. Messano, however, did not articulate this argument to the district court when it sustained the government's objection to the testimony. Because Messano made no offer of proof or argument supporting his theory of relevance in objection to the court's ruling, the district court had no opportunity to consider this argument, and plain error review is appropriate. *See United States v. Sarno,* 73 F.3d 1470, 1490 (9th Cir.1995) (applying plain error review where evidence was excluded as irrelevant and defendant did not object to the court's action); *see also United States v. Thompson,* 279 F.3d 1043, 1047–48 (D.C.Cir.2002) (noting that plain error review is available if the proponent of evidence "does not alert the trial court, in some fashion, to the substance of the proposed testimony" or, "at minimum, the purpose for which the evidence was being offered").

■ Under plain error review, the verdict will be disturbed only if the defendant demonstrates an error that was plain and that, viewed in the context of the entire record, "seriously affects the fairness, integrity or public reputation of judicial proceedings, or where failing to reverse a conviction would amount to a miscarriage of justice." *Sarno,* 73 F.3d at 1490 (quoted source and internal marks omitted). Although the question of relevance is close, we need not decide that issue because even

assuming that exclusion of the FBI corroboration was error, the exclusion cannot be said to have seriously affected the fairness or integrity of the judicial proceedings and the failure to reverse would not amount to a miscarriage of justice for the reasons that follow.

In opening statements and again in closing, the defense asserted that Dawn3344 and Ariannaqt were both adults as Messano had told the FBI. The defense was permitted to tell the jury that Messano gave FBI investigators the names of Dawn3344 and Ariannaqt and told the FBI that these contacts "claimed" to be minors but that he believed they were adults who were role-playing as minors. The defense was allowed to argue that they were in fact adults, that the FBI investigated the matter, and that if either of these contacts had been an actual minor, the government surely would have produced this evidence, but it did not. The district court permitted Messano to present all of his defense except the FBI corroboration of the age of these two contacts who were not the subject of the indictment. This corroboration was not crucial to his defense because even though Messano was correct about the ages of those two contacts (as he forcefully argued), the FBI corroboration about those contacts would not preclude the jury from finding that he nonetheless believed Ashley was a minor and that he intended to induce her to illegal sexual activity. Thus, the actual confirmation by the FBI that Ariannaqt and Dawn3344 were adults would have added little, and its exclusion did not seriously affect the proceedings. There was no plain error.

■ 3. Messano elicited testimony from character witnesses and seeks to reverse his conviction on the basis that the district court did not permit the character witnesses to discuss specific adult and age-appropriate relationships in which Messa-

no had engaged. The Federal Rules of Evidence permit proof of character by testimony as to existing reputation and in the form of a witness's opinion about a person's character or a particular character trait, and not by specific instances of conduct, except that in cases where "character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of that person's conduct." Fed. R.Evid. 405(a), (b). The district court correctly determined that Messano's involvement in adult dating relationships was not a character trait that was an essential element of the charge or the defense, and thus it was not appropriate to permit specific prior instances of conduct under Rule 405(b). *See United States v. Spencer,* 1 F.3d 742, 744 (9th Cir.1992) (noting that a character trait must be an essential element of the defense to allow specific instances of prior conduct).

4. Messano's remaining argument that cumulative error requires reversal is without merit. The one possible error that occurred was not reversible error because even if error, it did not affect the defendant's substantial rights. No other errors occurred. *See United States v. Carreno,* 363 F.3d 883, 889 n. 2 (9th Cir.2004) (noting that the cumulative error doctrine does not apply where there was no error), *petition for cert. filed,* —— U.S. ——, —— S.Ct. ——, —— L.Ed.2d ——, 2004 WL 2075408 (2004) (No. 04–5031).

5. Finally, we deny Messano's motion to be referred to by a pseudonym because he has not demonstrated that this is a sufficiently "unusual case" or that the need for anonymity in this instance and at this stage of the proceedings outweighs the public's interest in knowing his identity. *See Does I thru XXIII v. Advanced*

*Textile Corp.,* 214 F.3d 1058, 1067–68 (9th Cir.2000).

AFFIRMED.