UNITED STATES of America,
Plaintiff—Appellee,

v.

Willie R. MCCLAIN, a.k.a. Willie McClain, Defendant—Appellant.

No. 04–30542.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 9, 2005.*

Decided Dec. 22, 2005.

Pamela Jackson Byerly, Esq., Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Julian E. St. Marie, Esq., Spokane, WA, for Defendant–Appellant.

Before: GOULD and BERZON, Circuit Judges, and SCHWARZER,** District Judge.

## MEMORANDUM ***

Willie R. McClain appeals the district court's judgment on a jury verdict finding him guilty of knowingly and unlawfully possessing with the intent to distribute 50 grams or more of a substance containing a detectable amount of cocaine base, and of knowingly and intentionally possessing a firearm in furtherance of a drug trafficking crime. We have jurisdiction pursuant to 28 U.S.C. § 1291.[1]

McClain argues that the evidence presented by the government at trial is insufficient to support his convictions; that McClain's trial counsel failed to provide reasonably effective assistance, depriving McClain of his right to counsel protected by the Sixth Amendment; and, that the

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the facts and procedural history underlying this appeal, we mention them only where necessary to understand our decision.

trial court made improper comments about the evidence.

Because McClain did not move for a judgment of acquittal pursuant to Fed. R.Crim.P. 29(a) at trial, we review McClain's challenge to the sufficiency of the evidence underlying his convictions for plain error.[2] *See United States v. Garcia–Guizar,* 160 F.3d 511, 517 (9th Cir.1998). We conclude that there was no error because there was sufficient evidence supporting the convictions.

■ The gun and the narcotics underlying McClain's convictions were found in adjacent dresser drawers in the bedroom in which the arresting officers found McClain. At trial, Task Force Officer Pence testified that McClain told Pence that there was crack cocaine in the bedroom dresser drawer where it was found. Also, Detective Saunders and Pence testified that McClain admitted to Pence that McClain kept the gun that the officers also recovered from the adjacent dresser drawer for protection from other drug dealers. To the extent that the evidence offered by McClain contradicted the evidence offered by the government, the jury resolved the conflict. *See United States v. Toomey,* 764 F.2d 678, 681 (9th Cir.1985) ("It is the jury's duty to weigh the evidence and determine what version of the facts to believe."). Reasonable jurors could have concluded on the evidence presented that the narcotics and gun found with McClain were possessed by him, that the narcotics were possessed with the intent to distribute them, and that the gun was possessed in furtherance of a drug trafficking crime. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

■ As for McClain's contention that his trial counsel did not provide reasonably effective assistance, such a claim should normally be raised through a petition for a writ of habeas corpus or other collateral proceeding rather than a direct appeal, because it will permit a defendant to develop a record on the quality of counsel's representation and prejudice. *See United States v. Ross,* 206 F.3d 896, 900 (9th Cir.2000); *United States v. Pope,* 841 F.2d 954, 958 (9th Cir.1988). We will normally review an ineffective assistance of counsel claim on direct appeal only if: "the record on appeal is sufficiently developed to permit review and determination of the issue," or if "the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." *Ross,* 206 F.3d at 900 (citations omitted). This appeal presents neither circumstance, and post conviction proceedings on a developed record will be preferable to addressing effectiveness of counsel now on direct appeal. The record before us is inadequate to resolve Mr. McClain's ineffective assistance claim because, among other things, it does not reveal whether McClain's counsel prepared diligently for trial, whether McClain's counsel acted reasonably during trial, or whether the errors alleged by McClain prejudiced his defense. *See United States v. Lillard,* 354 F.3d 850, 856 (9th Cir.2003). Likewise, McClain's allegations do not suggest that his trial counsel's representation was so poor that it deprived McClain of his right to counsel under the Sixth Amendment. *See id.* at 856–57.

Finally, we reject McClain's assertion that the district court improperly com-

---

**2.** We will correct a plain error only if: (1) there is error; (2) that is clear or obvious; (3) that affected substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings.

*See United States v. Olano,* 507 U.S. 725, 734–36, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *United States v. Bahe,* 201 F.3d 1124, 1127 (9th Cir.2000).

mented on the evidence because McClain, who listed this as an issue, did not present an argument regarding it in his opening or reply briefs. We consider this issue to be abandoned. *See Acosta–Huerta v. Estelle,* 7 F.3d 139, 144 (9th Cir.1993).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.