**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**German LOPEZ–MAGALLON,**
**Defendant—Appellant.**

**No. 05–50427.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 3, 2006.*

Decided May 15, 2006.

Michael J. Crowley, Esq., USSD—Office
of the U.S. Attorney, San Diego, CA, for
Plaintiff–Appellee.

Holly Sullivan, Esq., Zandra L. Lopez,
Esq., FDSD—Federal Defenders of San
Diego, Inc., San Diego, CA, for Defen-
dant–Appellant.

Before LAY,** KLEINFELD, and
SILVERMAN, Circuit Judges.

MEMORANDUM ***

Lopez appeals from his jury conviction
and 96–month sentence for violating 8
U.S.C. § 1326.

■ Lopez attempts to collaterally at-
tack his 1995 deportation on the ground
that the Immigration Judge did not inform
him that he might have been eligible under
former INA § 212(c) for relief from depor-
tation. However, Lopez has no "plausible

---

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

** The Honorable Donald P. Lay, Senior United
States Circuit Judge for the Eighth Circuit,
sitting by designation.

*** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
9th Cir. R. 36–3.

grounds for relief that might have been available to him."[1] In order to qualify for relief under former INA § 212(c), Lopez would have needed "outstanding equities ... for discretionary relief" at the time of his 1995 deportation.[2] In the five years before his deportation, Lopez had a drug conviction and four other convictions. He showed no positive equities to overcome this significant criminal history, so he did not establish any "plausible grounds" for relief from deportation in 1995. Thus, he was not prejudiced, as *Proa–Tovar* requires, by any failure to inform.[3]

Lopez next argues that the district court erred by allowing the government to introduce evidence of his 2004 deportation. He argues that this evidence was "bad act" evidence governed by Federal Rule of Evidence 404(b). However, Rule 404(b) is not applicable "where the evidence the government seeks to introduce is directly related to ... the crime charged."[4] The government must prove beyond a reasonable doubt that Lopez "had been outside the United States" to establish a violation of 8 U.S.C. § 1326.[5] Therefore, this evidence was not "bad act" evidence because it established an element of the crime charged. Also, the evidence came in to rebut defense evidence. The district court was well within its discretion in admitting this evidence.

Lopez's argument that the grand jury instructions used in this case are unconstitutional is foreclosed by *United States v. Navarro–Vargas*[6] and *United States v. Rivera–Sillas.*[7]

Lopez's arguments that § 1326(b) is unconstitutional and that the district court erred by enhancing his sentence pursuant to this statute are equally untenable. *Almendarez–Torres v. United States*[8] is binding on this Court.

**AFFIRMED.**

---

1. *United States v. Proa–Tovar*, 975 F.2d 592, 594 (9th Cir.1992) (en banc).

2. *See INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001).

3. *See, e.g., United States v. Arrieta*, 224 F.3d 1076 (9th Cir.2000).

4. *United States v. Lillard*, 354 F.3d 850 (9th Cir.2003).

5. *United States v. Romo–Romo*, 246 F.3d 1272, 1276 (9th Cir.2001).

6. *United States v. Navarro–Vargas*, 408 F.3d 1184 (9th Cir.2005) (en banc).

7. *United States v. Rivera–Sillas*, 417 F.3d 1014 (9th Cir.2005).

8. *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).

