FILED

NOV 16 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ADAN MORAN-ELIAS,

Defendant - Appellant.

No. 11-50540

D.C. No. 3:11-cr-00606-JAH-2

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted November 7, 2012
Pasadena, California

Before: GRABER, IKUTA, and HURWITZ, Circuit Judges.

Adan Moran-Elias appeals his jury conviction for several offenses related to

smuggling an undocumented alien, Martin Duarte-Saucedo, into the United States.

We affirm.

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Customs and Border Patrol (CBP) agents had probable cause to arrest Moran-Elias under the "totality of the circumstances," *United States v. Lopez*, 482 F.3d 1067, 1077–78 (9th Cir. 2007). The CBP's observations that Duarte-Saucedo crossed the border using false documentation, proceeded to an apparently pre-planned meeting with Jamah Briggs, accompanied Briggs to another apparently pre-planned meeting with Moran-Elias, and then accompanied Moran-Elias to Nelida Dimas's waiting car, created a "fair probability" that Moran-Elias was part of an "ongoing criminal operation" to smuggle Duarte-Saucedo into the United States. *See United States v. Rodriguez*, 869 F.2d 479, 483 (9th Cir. 1989).

As the government concedes, Duarte-Saucedo's videotaped deposition was admitted in error. In light of the record as a whole, including Moran-Elias's confession, Dimas's testimony regarding her instructions to pick up and transport an undocumented alien, and the CBP's observation that Duarte-Saucedo presented false identification at the border, we are convinced that this error was harmless beyond a reasonable doubt. *See United States v. Pena-Gutierrez*, 222 F.3d 1080, 1089–90 (9th Cir. 2000).

The district court did not err in admitting Dimas's testimony regarding smuggling activity that occurred before the Duarte-Saucedo incident. There was ample evidence of a long-standing smuggling conspiracy involving Moran-Elias,

Dimas, and others, and thus the testimony was "'directly related to, or inextricably intertwined with, the crime charged in the indictment.'" *United States v. Rizk*, 660 F.3d 1125, 1131 (9th Cir. 2011) (quoting *United States v. Lillard*, 354 F.3d 850, 854 (9th Cir. 2003)).

Because Briggs's post-arrest statement was exculpatory and did not implicate Moran-Elias, the district court did not err in refusing to give a limiting instruction under *Richardson v. Marsh*, 481 U.S. 200, 211 (1987). Finally, there was no cumulative error.

**AFFIRMED**.