FILED

**NOT FOR PUBLICATION**

FEB 14 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50558 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-01322-SJO-3 |
| v. | |
| KIM VERNELL WALKER, AKA Plex, AKA Seal A, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50054 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-01322-SJO-1 |
| v. | |
| ALPHONSO EUGENE FOSTER, AKA Al Foster, AKA G-A1, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Case No. 10-50558: Argued and Submitted February 7, 2013
Case No. 11-50054: Submitted February 8, 2013[**]
Pasadena, California

Before: O'SCANNLAIN, TROTT, and CLIFTON, Circuit Judges.

Kim Walker and Alphonso Foster (collectively "Defendants") appeal their jury convictions of various charges relating to their participation in a conspiracy to manufacture and distribute PCP. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Because the parties are familiar with the facts, we repeat them only as necessary to illuminate our decision.

Defendants argue that the evidence from the March 19, 2007 wiretap was invalid because the affidavit in support of the wiretap application contained material misrepresentations and omitted evidence regarding a confidential informant. We hold that any alleged misrepresentation in, or omission from, the wiretap application was not material because even if the affidavit had disclosed the full extent of the informant's knowledge of the conspiracy and cooperation with law enforcement, the issuing judge could not have denied the application for lack of necessity. See United States v. Aviles, 170 F.3d 863, 869 (9th Cir. 1999),

_____

[**] The panel unanimously concludes that Case No. 11-50054, United States v. Foster, is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

2

amended by 216 F.3d 881 (9th Cir. 2000). The goal of the investigation was to discover the full extent of the large-scale criminal conspiracy, and "[a] coup de grace to the organization needed more than [the informant] could provide." Id.

The district court committed no error, much less plain error, by failing sua sponte to exclude (1) a recorded conversation between Walker and Foster about whether to kill an individual who could provide evidence against them and (2) testimony that the informant first met Walker to discuss a potential credit card scam. The recorded conversation was not subject to Federal Rule of Evidence 404(b) because it was "inextricably intertwined" with the crimes charged in the indictment, see United States v. Lillard, 354 F.3d 850, 854 (9th Cir. 2003), and the evidence of guilt was so overwhelming that a reference to a years-old fraudulent scheme that never came to fruition could not have prejudiced Defendants. We find no merit in Defendants' argument -- raised for the first time on appeal -- that the evidence should have been excluded under Rule 403.

Nor did the district court commit plain error[1] by not granting a mistrial on the basis of the prosecutor's question about criminal defendants' Fifth Amendment

---

[1]    Defendants incorrectly assert that the prosecutor's improper commentary on their Fifth Amendment right not to testify is subject to review for harmless error. Although Defendants objected to the line of questioning, they did so on a different ground. Therefore, the appropriate standard of review is plain error. See United States v. Bryan, 868 F.2d 1032, 1038 (9th Cir. 1989).

3

right not to testify. The record does not suggest that the prosecutor "manifestly intended to call attention" to Defendants' failure to testify such that the jury could have "naturally and necessarily" taken the question as a comment on the failure to testify, United States v. Castillo, 866 F.2d 1071, 1083 (9th Cir. 1988) (internal quotation marks omitted), particularly given that the prosecutor asked the question during the government's case-in-chief -- no one yet knew whether Defendants would testify. Moreover, Defendants' substantial rights could not have been affected because the district court instructed the jury that "[n]o presumption of guilt may be raised . . . from the fact that the Defendant did not testify."

Defendants' argument that the March 25, 2007 search warrants were invalid under Federal Rule of Criminal Procedure 41 is "beyond the scope of our ability to review for plain error" because Defendants did not move to suppress the search warrants on that ground in the district court. United States v. Murillo, 288 F.3d 1126, 1135 (9th Cir. 2002); see Fed. R. Crim. P. 12(b)(3)(C). Defendants do not argue that good cause exists for this failure, and the issue is therefore waived. See Fed. R. Crim. P. 12(e).

Finally, Walker's argument that the district court should have imposed a sentence below the statutory mandatory minimum is foreclosed by United States v. Wipf, 620 F.3d 1168, 1169-71 (9th Cir. 2010).

4

AFFIRMED.