**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 1 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30255 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00028-RMP-1 |
| v. | |
| MATTHEW LEE LANE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Submitted August 30, 2021**
Seattle, Washington

Before: HAWKINS, McKEOWN, and GOULD, Circuit Judges.

Matthew Lee Lane appeals his jury conviction for possession and distribution

of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and (a)(5)(B). We

have jurisdiction under 28 U.S.C. § 1291, and we review for plain error because

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Lane did not object before the district court. *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904–05 (2018). We affirm in part and dismiss in part.

1. The district court did not plainly err by failing to declare a mistrial *sua sponte* based on the conversation between FBI Special Agent Leland McEuen and Lane's roommate Heather Laird. Lane has failed to show a "clear or obvious" error. *See Rosales-Mireles*, 138 S. Ct. at 1904 (quoting *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016)). The record lacks support for his contention that McEuen attempted to or did intimidate Laird into testifying more favorably for the government. Not only did Laird initiate contact, but Lane, not the government, called her as a witness. Laird testified that the conversation neither revealed new information to her nor caused any change in her testimony. Finally, Laird's testimony was arguably more favorable to Lane than to the government because it placed their third roommate—who pled guilty to receiving over 1,000 images of child pornography—in the room with the offending computer, including on occasions when Lane was not present.

Even if Lane could show a "clear or obvious" error, he has failed to show that it "affected [his] substantial rights," in other words "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Id.* at 1904–05 (quoting *Molina-Martinez*, 136 S. Ct. at 1343). Lane called Laird as a witness and relied on her testimony to bolster his theory that either she or their third

2

roommate was responsible for the child pornography found on and distributed by his computer. Because the testimony at issue at least arguably favored Lane, he has not established a reasonable probability of a better outcome without it.

2.    We decline to address Lane's claim of ineffective assistance of counsel on direct appeal. Such claims are "generally inappropriate" for direct appeal, and we review them only where the record is sufficiently developed or where counsel's performance is "so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." *United States v. Lillard*, 354 F.3d 850, 856 (9th Cir. 2003) (internal quotation marks and citation omitted). Neither circumstance is present here. It is not clear that the record before us is sufficient to permit evaluation of Lane's arguments about counsel's performance, and the decision to use Laird's testimony to support the defense's theory rather than moving for a mistrial was not obviously inadequate. Lane may present this claim as part of a collateral attack on his conviction under 28 U.S.C. § 2255.

**AFFIRMED IN PART AND DISMISSED IN PART.**