**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JESUS SALVADOR GUTIERREZ
MENDEZ,

Defendant - Appellant.

No. 24-1414

D.C. No.
3:22-cr-02869-CAB-1

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted August 13, 2025**
Pasadena, California

Before: NGUYEN, FORREST, and VANDYKE, Circuit Judges.

Appellant Jesus Salvador Gutierrez Mendez ("Gutierrez Mendez") appeals his

conviction for the importation of methamphetamine in violation of 21 U.S.C. §§ 952

and 960, arguing that the district court erred by admitting evidence of prior border

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral
argument. *See* Fed. R. App. P. 34(a)(2).

crossings and denying his proposed jury instruction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts of this case, we repeat them here only as necessary.

We review the admission or exclusion of evidence for abuse of discretion. *United States v. Lillard*, 354 F.3d 850, 853 (9th Cir. 2003). A court abuses its discretion where its application of facts to the correct legal standard is (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the record. *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009). We review the legal correctness of the district court's proposed jury instructions de novo. *United States v. Hairston*, 64 F.3d 491, 493–94 (9th Cir. 1995). But "[s]o long as the instructions fairly and adequately cover the issues presented, the judge's formulation of those instructions or choice of language is a matter of discretion." *United States v. Tucker*, 641 F.3d 1110, 1122 (9th Cir. 2011) (internal quotation omitted).

1. The district court did not abuse its discretion by admitting evidence of Gutierrez Mendez's prior border crossings and his previous trip to Los Angeles. Prior "border crossings" are "not within the scope of Rule 404(b)" if they "rebut the defendant's defense" or "are inextricably intertwined" with other intrinsic evidence supporting the government's case. *United States v. Sanchez-Robles*, 927 F.2d 1070, 1078 (9th Cir. 1991) (cleaned up). Here, the evidence rebutted Gutierrez Mendez's

2

defense that he was an unknowing courier targeted because of his predictable crossing pattern. It also evinced that Gutierrez Mendez lied to investigators, and such "[f]alse exculpatory statements provide circumstantial evidence of [defendant's] consciousness of guilt." *United States v. Newman*, 6 F.3d 623, 628 (9th Cir. 1993). This evidence of Gutierrez Mendez's "consciousness that his conduct was illegal" allowed the jury to draw "a permissible inference—namely that [he] was cognizant of the illegal act he was committing, and was therefore lying to cover his guilt." *United States v. Ramirez-Jiminez*, 967 F.2d 1321, 1327–28 (9th Cir. 1992). The district court thus properly admitted this intrinsic evidence.

To the extent the evidence of Gutierrez Mendez's prior border crossings were used as extrinsic evidence to establish knowledge, the evidence satisfies the four elements of admissibility under Rule 404(b). *See United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002). First, the evidence tended to prove the material point of consciousness of guilt. Second, the evidence, from the months immediately prior to Gutierrez Mendez's arrest, was not remote in time. Third, the evidence is not insufficient given that it establishes Gutierrez Mendez visited Los Angeles and returned with a large amount of money just one week before his arrest. And fourth, the prior crossings were similar—especially the October 30 crossing, when Gutierrez Mendez crossed the border in the same vehicle to travel to Los Angeles while being in regular contact with his cousin.

3

2. The district court also did not err by rejecting Gutierrez Mendez's proposed jury instruction. Gutierrez Mendez "is not entitled to the instructions of his choice," *United States v. Whittemore*, 776 F.3d 1074, 1080 (9th Cir. 2015), particularly when the district court's given knowledge instruction "fairly and adequately" covered his defense theory that he was an unwitting mule being used to transport drugs across the border, *see Tucker*, 641 F.3d at 1122. The court explained to the jury that knowledge meant Gutierrez Mendez was "aware of the act" and charged the government with proving this element beyond a reasonable doubt. We have upheld similar instructions, *see, e.g.*, *United States v. Del Toro-Barboza*, 673 F.3d 1136, 1147 (9th Cir. 2012), and the district court's rejection of Gutierrez Mendez's theory-of-the-case instruction was within its discretion.

**AFFIRMED**.