NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 19 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-46 |
| Plaintiff–Appellee, | D.C. No. 3:23-cr-01419-RSH-1 |
| v. | |
| IVAN GRANILLO, | MEMORANDUM* |
| Defendant–Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Robert Steven Huie, District Judge, Presiding

Submitted August 15, 2025**
Pasadena, California

Before: NGUYEN, FORREST, and VANDYKE, Circuit Judges.

Defendant–Appellant Ivan Granillo ("Granillo") appeals his conviction for

attempted transportation of an undocumented noncitizen in violation of 8 U.S.C.

§ 1324(a)(1)(A)(ii). Granillo argues the district court erred by excluding certain

evidence and failing to instruct the jury on the requisite mens rea. We have

---

\* This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not abuse its discretion by excluding evidence. We review evidentiary rulings for abuse of discretion. *United States v. Lillard*, 354 F.3d 850, 853 (9th Cir. 2003). A court abuses its discretion where its application of facts to the correct legal standard is (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the record. *See United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc). Constitutional claims arising from evidentiary exclusions are reviewed de novo but are subject to harmless error review. *United States v. Waters*, 627 F.3d 345, 352, 358 (9th Cir. 2010).

The district court reasonably concluded that the decades-old immigration records for Granillo's non-citizen passenger were minimally relevant, if at all. Documents concerning the passenger's prior deportation proceedings, a counterfeit work permit, and a sworn statement—all from the 1990s and early 2000s—shed no light on whether Granillo knowingly attempted to transport his passenger decades later in 2023. Fed. R. Evid. 401–402. This evidence is far more attenuated than that at issue in *United States v. Espinoza*, where the defendant provided concrete explanations of how the excluded evidence demonstrated the third-party's "opportunity, motive, and knowledge to use her as a 'blind mule.'" 880 F.3d 506, 514–18 (9th Cir. 2018). And even if marginally relevant, the district court permissibly found that any probative value was substantially outweighed by the risks

of confusing the issues, misleading the jury, and causing undue delay. *See* Fed. R. Evid. 403; *United States v. Cordoba*, 194 F.3d 1053, 1063 (9th Cir. 1999). The parties stipulated that the passenger was an alien who lacked lawful status and the jury heard testimony about his prior unlawful entries, so the excluded exhibits shed no additional light on Granillo's knowledge or intent. *Cf. Espinoza*, 880 F.3d at 514–18. The district court thus acted within its discretion to exclude the records under Federal Rules of Evidence to avoid jury confusion and undue delay. *See* Fed. R. Evid. 403; *Cordoba*, 194 F.3d at 1063.

Excluding this evidence also did not violate Granillo's constitutional right to present a defense. Courts may exclude evidence that is only marginally relevant or inadmissible under evidentiary rules without violating the Fifth or Sixth Amendments. *See Montana v. Egelhoff*, 518 U.S. 37, 42–43 (1996); *Waters*, 627 F.3d at 352–54. Granillo cross-examined witnesses, testified in his own defense, and presented his theory that the passenger deceived him.

In any event, any error caused by excluding the exhibits was harmless. The government's admitted evidence—including testimony from border officers, video surveillance, and text messages—was strong. The jury would not have reached a different verdict had the excluded exhibits been admitted. *See United States v. Torres*, 794 F.3d 1053, 1063 (9th Cir. 2015).

2. The district court did not err in instructing the jury. We review de novo

whether a jury instruction misstates the elements of a crime. *United States v. Vasquez-Hernandez*, 849 F.3d 1219, 1224 (9th Cir. 2017). "So long as the instructions fairly and adequately cover the issues presented, the judge's formulation of those instructions or choice of language is a matter of discretion." *United States v. Tucker*, 641 F.3d 1110, 1122 (9th Cir. 2011) (citation omitted).

The district court used Ninth Circuit Model Criminal Jury Instruction 7.2, which required the jury to find, among other things, that Granillo "knowingly attempted to transport or move [his non-citizen passenger] to help him remain in the United States illegally," and that he took a substantial step toward committing the crime. That language adequately conveyed the requisite specific intent. *See United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1195–97 (9th Cir. 2000) (en banc); *United States v. Barajas-Montiel*, 185 F.3d 947, 953–54 (9th Cir. 1999). And when the jury asked two clarifying questions, the district court's supplemental instruction clearly tied the knowledge requirement to the attempted transport "at the time" of the attempt, eliminating any potential ambiguity and reinforcing the mens rea requirement. Granillo's proposed alternative instruction was not required because the model instruction "fairly and adequately cover[ed] the issues presented," *Tucker*, 641 F.3d at 1122 (citation omitted), and a defendant "is not entitled to the instructions of his choice," *United States v. Whittemore*, 776 F.3d 1074, 1080 (9th Cir. 2015).

4                                                      24-46

In any event, any instructional error was harmless. *See Neder v. United States*, 527 U.S. 1, 10 (1999); *Gracidas-Ulibarry*, 231 F.3d at 1197–98. The evidence introduced at trial—including Granillo's presentation of a fraudulent passport for the passenger, his nervous behavior, his false statements to border officers, and the problematic aspects of his backstory and relationship with his passenger— overwhelmingly established that Granillo knew his passenger was unlawfully present and intended to transport him. Granillo's proposed instruction would not have produced a different verdict.

**AFFIRMED.**