**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Terry LLOYD, aka John Miller,**
**Defendant—Appellant.**

No. 05–50300.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 8, 2006.

Filed June 22, 2006.

Steve Kim, USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff—Appellee.

Michael V. Severo, Esq., Law Offices of Michael V. Severo, Terry Lloyd, Los Angeles, CA, for Defendant—Appellant.

Before: REINHARDT and TROTT, Circuit Judges, and ROBART,* District Judge.

MEMORANDUM **

Terry Lloyd appeals his convictions for conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). We affirm.

---

* The Honorable James L. Robart, United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

■ There was more than enough evidence to support Lloyd's convictions for conspiracy and for possession. The modus operandi of the conspiracy consisted of mailing drugs and money via Federal Express and checking into hotels under false names to pick up those packages. Lloyd personally mailed approximately seven kilograms of cocaine to New Jersey and picked up another package using a false name and fraudulent credit card. While Lloyd argued at trial that he was merely doing a favor for Gary Bolden, Lloyd's cousin-in-law, the fact that he used a false name and credit card refutes his argument that he was engaged in innocent behavior. There is sufficient evidence to support his conviction for conspiracy. *See United States v. Sanchez–Mata*, 925 F.2d 1166, 1167 (9th Cir.1991) ("Once the existence of a conspiracy is established, evidence of only a slight connection is necessary to support a conviction of knowing participation in that conspiracy.").

■ Similarly, Lloyd's possession of over fifteen pounds of cocaine when he mailed the package to New Jersey raises an inference that he knowingly possessed the cocaine. *See United States v. Barbosa*, 906 F.2d 1366, 1368 (9th Cir.1990) (six and one-half pounds of cocaine is a substantial quantity of drugs that may be sufficient, by itself, to support an inference of knowing possession). In addition, the package, which Lloyd claims he mailed for Bolden as a favor, did not list Bolden as the sender, but rather the name "John Hobbs." Therefore, sufficient evidence supports Lloyd's conviction for possession of cocaine with the intent to distribute.

■ The record is not sufficiently developed for the Court to consider, in this direct appeal, Lloyd's argument that his trial counsel was ineffective for eliciting certain testimony from two police detectives. Claims of ineffective assistance of trial counsel are generally reserved for collateral proceedings and inappropriate to consider on direct appeal. *United States v. Lillard*, 354 F.3d 850, 856 (9th Cir.2003). "Challenge [to counsel's effectiveness] by way of a habeas corpus proceeding is preferable as it permits the defendant to develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted." *Id.* Therefore, because a motion under 28 U.S.C. § 2255 would be a more appropriate means by which to resolve this issue, we decline to address Lloyd's argument that he received ineffective assistance of counsel.

**AFFIRMED.**