**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Tony RIVERA, Defendant–Appellant.**

No. 06–50226.

United States Court of Appeals,
Ninth Circuit.

Submitted June 7, 2007.*

Filed July 16, 2007.

Becky S. Walker, Esq., Mark A. Young, Esq., Office of the U.S. Attorney, Criminal

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Division, Los Angeles, CA, for Plaintiff–Appellee.

Phillip A. Trevino, Esq., Law Offices of Phillip A. Trevino, Los Angeles, CA, for Defendant–Appellant.

Before: FISHER and CALLAHAN, Circuit Judges, and STROM, Senior District Judge.**

MEMORANDUM ***

Appellant Tony Rivera ("Rivera") appeals his conviction and sentence in the United States District Court for the Central District of California. On August 29, 2005, a jury found Rivera guilty of Count II of a two-count indictment, charging him with knowingly and intentionally possessing with intent to distribute more than 50 grams of methamphetamine in violation of 21 U.S.C. § 841.

■ *1.* Rivera argues that the district court erred in finding the government established beyond a reasonable doubt that he had three qualifying prior felony drug offense convictions as alleged in the information filed pursuant to 21 U.S.C. § 851. Although Rivera argued § 851 violated due process and the Sixth Amendment, he did not challenge the underlying convictions themselves in the district court, nor did he object to the government's exhibits offered to prove the three convictions. We hold that Rivera has waived the right to appeal the sufficiency of the government's evidence because he failed to raise this challenge in the district court and has not

shown good cause for his failure. *See* 21 U.S.C. § 851(c).

■ *2.* Rivera next challenges the sufficiency of the information filed pursuant to § 851. We review de novo the sufficiency of an information for purposes of § 851. *United States v. Hamilton,* 208 F.3d 1165, 1168 (9th Cir.2000). Rivera contends the information was insufficient because it did not provide him proper notice that he faced enhanced penalties if convicted. This argument is without merit. The information was filed before the trial, provided the dates, case numbers and charges associated with Rivera's prior convictions, and cited 21 U.S.C. §§ 841 and 851. We hold that the information filed by the government provided sufficient notice to Rivera of the potential sentencing enhancement he faced if convicted of one or both of the counts charged in the indictment. *See id.* at 1169 (stating "[a]s long as the information provides clear notice to a defendant of the prior convictions ..., then [21 U.S.C. § 851] has been satisfied.").

■ *3.* Rivera also raises two claims of ineffective assistance of counsel on this direct appeal. "Claims of ineffective assistance of counsel are generally inappropriate on direct appeal." *United States v. McKenna,* 327 F.3d 830, 845 (9th Cir.2003) (citing *United States v. Ross,* 206 F.3d 896, 900 (9th Cir.2000)). Ineffective assistance claims should ordinarily be raised on collateral attack, so that the record may be developed sufficiently to allow the court to determine whether counsel's performance was deficient, and if so, whether the deficient performance prejudiced the defendant. *McKenna,* 327 F.3d at 845. Ineffective assistance claims may be "reviewed on direct appeal in two circumstances: '1) when the record on appeal is sufficiently

---

** The Honorable Lyle E. Strom, Senior United States District Judge for the District of Nebraska, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

developed to permit review and determination of the issue, or 2) when the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel.'" *United States v. Lillard,* 354 F.3d 850, 856 (9th Cir.2003) (quoting *United States v. Robinson,* 967 F.2d 287, 290 (9th Cir.1992)). Based on the record before us, we cannot say that counsel's performance was so deficient as to deny Rivera his Sixth Amendment right to counsel, nor is the record sufficiently developed such that we can evaluate counsel's performance and what, if any, prejudice resulted from any deficiencies in the performance. Therefore, we decline to consider Rivera's two claims of ineffective assistance of counsel on direct appeal.

**AFFIRMED.**

CALLAHAN, J., concurring in part and dissenting in part.

I dissent from the holding in Part Three of the memorandum disposition that the record is not sufficiently developed to evaluate whether any prejudice resulted from any deficiencies in counsel's performance. Rivera advances claims of ineffective assistance of counsel based on trial counsel's failure to object (1) to the testimony by the government's lead witness, Detective Jacoby, that Rivera told him that he lived in the apartment that was searched, and (2) to the government's repeated characterization of the apartment as belonging to Rivera. The record on direct appeal is sufficiently developed to permit a determination of these ineffective assistance of counsel claims because even if Rivera's trial counsel was deficient for failing to make these objections, Rivera has not shown that he was prejudiced by counsel's performance. *See Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (requiring that deficient performance prejudice the defense so as to deprive the defendant of a fair trial).

Assuming that Rivera's acknowledgment to Detective Jacoby that he lived in the apartment was suppressable as the result of an unlawful interrogation, Rivera was not prejudiced because other evidence demonstrated dominion and control over the residence. For example, (1) Rivera was seen entering and exiting the apartment building on previous occasions, (2) he was naked in bed in the small studio apartment when the warrant was executed midday, (3) the keys to his three vehicles were located in the apartment, (4) a phone bill and a storage locker lease—both in Rivera's name—were located in the apartment, and (5) notably, two letters from Merriweather to "Big Tony" were in the apartment thanking Tony for providing him with an attorney for the drug arrest stemming from a prior drug bust, along with a police report pertaining to that incident. Not only do these letters support a showing that Rivera lived in the apartment, they also clearly show that he was connected to methamphetamine trafficking. Finally, nothing in the apartment raised a suspicion that more than one person was living there. Therefore, considering the totality of the evidence, Rivera cannot establish prejudice from his attorney's failure to object to his acknowledgment to Detective Jacoby that he lived in the apartment.

While Rivera's counsel did not initially object to the Assistant United States Attorney referring to the apartment as Rivera's, he did object later in the trial, and his objection was sustained. Additionally, through cross-examination of the government's witnesses, counsel challenged the government's position that the apartment and/or items located in the apartment belonged to Rivera. Notably, counsel established that the lease to the apartment was in the name of Jose Pena and that no documents connected Rivera to the apart-

ment. Counsel questioned the voluntariness of Rivera's claim to possession of the apartment by asking Detective Jacoby "At the time when he answered in the affirmative, were there guns drawn?" Moreover, in closing argument, counsel argued that it was implausible that Rivera made an admission to Detective Jacoby, and that the government failed to tie Rivera to the apartment. Counsel also pointed out that the detectives never turned on the computer to see whether it belonged to Rivera. Considering the totality of the record, Rivera cannot demonstrate that he was prejudiced by his counsel's failure to object to every reference to the apartment as his so as to deprive him of a fair trial. *See id.*

In sum, assuming deficient performance, the record is sufficiently developed to assess any prejudice stemming from such deficiency. Because Rivera cannot establish prejudice, I would deny Rivera's ineffective assistance of counsel claims on the merits.

I concur in the remainder of the memorandum and in the disposition.