**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Edgar Jovani SANCHEZ–ORDAZ,
Defendant–Appellant.**

No. 05–50532.

United States Court of Appeals,
Ninth Circuit.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Feb. 7, 2007 *.

Filed March 14, 2007.

Richard C. Cheng, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Mary A. Franklin, Esq., Law Offices of Mary A. Franklin, San Diego, CA, for Defendant–Appellant.

Before: HALL, O'SCANNLAIN, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Edgar Jovani Sanchez–Ordaz ("Sanchez") appeals his conviction and sentence

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

of 70 months for bringing illegal aliens into the country for financial gain. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition. Sanchez's appeal raises three issues, none of which we find persuasive.

■ 1. Sanchez asserts that he was denied effective assistance of counsel because his attorney did not thoroughly investigate his background and did not adequately pursue a plea agreement. Claims of ineffective assistance of counsel are usually appropriate for review only on collateral attack, but may be "reviewed on direct appeal in two circumstances: '1) when the record on appeal is sufficiently developed to permit review and determination of the issue, or 2) when the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel.'" *United States v. Lillard,* 354 F.3d 850, 856 (9th Cir.2003) (quoting *United States v. Robinson,* 967 F.2d 287, 290 (9th Cir.1992)). Having reviewed the record, including the comments by counsel at the sentencing hearing relied on by Sanchez, we conclude that counsel's performance was not so inadequate as to obviously deny Sanchez his Sixth Amendment right to counsel and that the record is not sufficiently developed to allow further evaluation of counsel's performance. Accordingly, Sanchez's claim of ineffective assistance of counsel on this record is denied.

2. Sanchez contends that the district court erred at sentencing by failing to address with specific findings his requests for downward adjustments for acceptance of responsibility and for a minor role. A district court should strictly comply at sentencing with the Federal Rule of Criminal Procedure 32 which requires it to address any "disputed portion of the presentence report or other controverted matter." *See United States v. Herrera–Rojas,* 243 F.3d 1139, 1142–43 (9th Cir.2001); *United*

*States v. Houston,* 217 F.3d 1204, 1208 (9th Cir.2000).

■ We reject Sanchez–Ordaz's argument that the district court's resolution of the dispute over his eligibility for downward adjustments was inadequate. In his sentencing memorandum, in support of his requests for departures, Sanchez–Ordaz explicitly relied upon the fact that he was an unwilling participant in the scheme to transport illegal immigrants, The pre-sentence report suggested that Sanchez–Ordaz was not entitled to a minor role adjustment, but referred the acceptance adjustment to the district court, because "[h]aving heard the trial testimony in its entirety, the court is in a unique position to determine the matter of acceptance of responsibility."

At the sentencing hearing, the district court stated:

> I do believe that the jury had the benefit of hearing all of the information, including the defense that was presented with an instruction thereon as to what they could do with a duress defense. And I would stand by the jury's verdict. There is nothing in the evidence that would lead me to conclude that there was error in that result.

The district court's explicit adoption of the jury verdict finding that the defendant had taken affirmative actions to transport illegal immigrants is a necessary rejection of the defendant's purported reasons for his eligibility for both adjustments. We reiterate that specific findings of fact are required, and we conclude that the district court's findings here were sufficient. *See United States v. Rigby,* 896 F.2d 392, 394 (9th Cir.1990).

■ 3. Finally, Sanchez argues that the sentence is not reasonable because the district court failed to explicitly consider every sentencing factor and gave impermissible weight to the sentencing range calculated under the Sentencing Guide-

lines. Because Sanchez did not raise his objections in the district court, his contentions are only reviewed for plain error. *See United States v. Knows His Gun,* 438 F.3d 913, 918 (9th Cir.2006). We determine from the record that the district court adequately considered the applicable sentencing factors, *see United States v. Mohamed,* 459 F.3d 979, 985 (9th Cir. 2006), and that the court did not give improper weight to the Guidelines' sentencing range, but used it as a starting point in calculating the sentence. *See United States v. Cantrell,* 433 F.3d 1269, 1279–80 (9th Cir.2006).

For the forgoing reasons, Sanchez's conviction and sentence are **AFFIRMED.**