NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0428n.06

Filed: July 17, 2008

No. 05-1857

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| CHANH CHAN LAO, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

Before: ROGERS, COOK, and MCKEAGUE, Circuit Judges.

COOK, Circuit Judge. After a jury found Chanh Chan Lao guilty of conspiracy to import and distribute Ecstasy from Canada to Michigan, the district court sentenced him to a 240-month prison term. Lao argues that this sentence is procedurally unreasonable because the district court, in adopting the jury's findings as to both drug quantity and Lao's role in the offense, violated Federal Rule of Criminal Procedure 32(i)(3)(B)'s requirement that a court articulate independent findings on "disputed" or "controverted matter[s]." We disagree and affirm.

I.

- 1 -

On September 22, 2003, a grand jury returned an indictment charging Lao and codefendant Patrick Chapin with conspiring to possess, distribute, and import Ecstasy in violation of 21 U.S.C. §§ 841, 846, 952, 960, and 963 (Count 1); importing Ecstasy in violation of 21 U.S.C. §§ 952, 960, and 18 U.S.C. § 2 (Counts 5–13, 15); and using a telephone to facilitate a conspiracy to import and distribute Ecstasy in violation of 21 U.S.C. §§ 841, 843, 952, 960, and 963 (Counts 26–29).

Although a successful Rule 29 motion acquitted Lao on Count 7, a jury found him guilty on the remaining counts. In a special verdict, the jury found that the government proved beyond a reasonable doubt that: (1) under Count 1, Lao was responsible for at least 600,000 Ecstasy tablets, or 60 kilograms of Ecstasy; and (2) Lao organized or led a conspiracy with five or more participants. JA 81–82.

The presentence report ("PSR") assigned Lao a base offense level of 38 based on the jury's finding that Lao was accountable for 60 kilograms of Ecstasy. U.S.S.G. § 2D1.1(c)(1). The PSR also recommended a four-level increase based on the jury's finding that Lao organized or led a criminal activity with five or more participants, *id.* § 3B1.1(a), and a two-level increase for obstruction of justice based on Lao's threats to two Government trial witnesses, *id.* § 3C1.1. In sum, the PSR calculated Lao's total offense level to be 44. Given Lao's category I criminal history, the PSR determined that the Guidelines recommended life imprisonment. Lao objected to the PSR.

In a sentencing memorandum, the Government argued for a life sentence, or, alternatively, a sentence of at least 360 months without the two-level increase for obstruction of justice. The memorandum further stated:

> It is the position of the government that sentencing factors have to be determined by the court and not the jury. The government therefore requests that the court make independent determinations of the sentencing factors that are applicable to the circumstances of this case. While the court could be guided by the decision of the jury, the government believes the court must make its own findings.

JA 126–27.

At the sentencing hearing, without making independent factual findings on the record, the court explicitly adopted the jury's special verdict with respect to both drug quantity and Lao's role in the offense. Declining to impose a two-level enhancement for obstruction of justice, the court determined the applicable Guidelines range for an offense level of 42 to be between 360 months and life imprisonment. The district court stated:

> The jury determined that Mr. Lao was responsible for Ecstasy distribution amounting to [30,000] kilograms of marijuana equivalence, which yields a base offense level of 38 pursuant to Section 2D1.1C1.
>
> The jury also made a determination that the defendant was an organizer or an organization that consisted of five or more individuals. And under Section 3B1.1A, four levels would be added. The court adopts those findings as its own.

JA 157–58.

After calculating the Guidelines range, the court considered the proportionality and uniformity of the sentence as counseled by 18 U.S.C. § 3553(a). Observing that other members of the conspiracy received much lower sentences,[1] the court declared:

> The sentences which these other individuals received, I can't say I would have given myself. Of course, I have not had the benefit of those presentence reports or received information. But the court is confronted with a circumstances in which to apply some sense of proportionality and uniformity, I must deal with sentences that I believe are likely too lenient.

JA 168. Accounting for these lower sentences, the court varied Lao's sentence downward from the Guidelines range by 120 months, committing Lao to concurrent terms of 240 months on Counts 1, 5, 6, 8–13, and 15; and 48 months for Counts 26–29. Lao timely appealed.

II.

Lao raises a single issue for our review. Specifically, he contends that his sentence is procedurally unreasonable because the district court violated Federal Rule of Criminal Procedure 32(i)(3)(B) by adopting the jury's special verdict as to the quantity of Ecstasy attributable to Lao and Lao's role in the offense. *See Gall v. United States*, 128 S. Ct. 586, 597 (2007) (requiring an

---

[1]Chapin was sentenced to fourteen years in prison on charges of conspiracy to import a controlled substance. JA 168. In separate but related cases, Adam Pope, Andrew Goldstein, and Daniel Wurster were sentenced to three years of probation each after they individually pleaded guilty on charges of conspiracy to import a controlled substance. Shawn Hamlin was sentenced to twelve months in custody with two years of supervised release after Hamlin pleaded guilty to the same charges. JA 556.

appellate court to "ensure that the district court committed no significant procedural error"). Rule 32(i)(3)(B) provides that, at sentencing, the court "must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Because Lao objected to the PSR's findings, he argues that both the drug quantity and his role in the offense are "disputed" or "controverted matter[s]" that required the sentencing judge to make independent findings. Reviewing de novo, we reject this argument. *See United States v. White*, 492 F.3d 380, 414 (6th Cir. 2007).

As a threshold matter, Lao's failure during sentencing to object on the basis of Rule 32(i)(3)(B) precludes him from raising the issue now, absent plain error. *United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008) (en banc); *United States v. Bostic*, 371 F.3d 865, 872–73 (6th Cir. 2004).[2] A "plain error" occurs where (1) an error occurred in district court (2) that was plain, (3) affected substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Vonner*, 516 F.3d at 386; *Bostic*, 371 F.3d at 873; *see also United States v.*

---

[2]Not only did the district judge ask whether the defense objected to the court's Guidelines range determination, he specifically inquired: "Just to make the record clear, this is the time I'm inviting elocution [sic], do you have any other procedural matters with respect to the guidelines issue?" Defense counsel made no response. JA 160–61. By not raising the Rule 32(i)(3)(B) issue during sentencing, Lao subjects his appeal to plain error review. *White*, 492 F.3d at 415; *see also United States v. Atencio*, 476 F.3d 1099, 1106 (10th Cir. 2007) (en banc) (applying plain error review "despite prior submission of a written objection").

*Atencio*, 476 F.3d 1099, 1106 (10th Cir. 2007) (en banc). We conclude that Lao fails to demonstrate any error, plain or not, because the court satisfied Rule 32(i)(3)(B) in adopting the jury's findings.

Lao's primary support is *United States v. Solorio*, 337 F.3d 580 (6th Cir. 2003), where this court stated that after a criminal defendant disputes the findings of a presentence report, the sentencing court "may not merely summarily adopt the factual findings in the presentence report or simply declare that the facts are supported by a preponderance of the evidence." *Id.* at 598 (internal quotation marks omitted). The main obstacle to Lao's position is that in order for this panel to vacate his sentence and remand, we must accept that "there is no real difference between accepting a presentence report's recommendations and accepting a jury's special verdict findings, for purposes of Rule 32." Appellant's Br. at 14–15. That argument is without merit.

The analogy between a jury's special verdict and the factual findings recited in a presentence report is inapposite because while the recommendations of a probation officer do not bind a sentencing court, the court "cannot rely on a finding that *directly conflicts* with the jury's verdict." *United States v. Cockett*, 330 F.3d 706, 711 (6th Cir. 2003) (emphasis added); *see also United States v. Reed*, 264 F.3d 640, 648 (6th Cir. 2001) (holding that the district court could not depart below the applicable Guidelines range on the basis of a finding that conflicted directly with the jury's verdict). The jury in Lao's case found beyond a reasonable doubt that Lao was accountable for over 600,000 tablets (or 60 kilograms) of Ecstasy, yielding a base offense level of 38, and that Lao led or organized a conspiracy involving five or more participants, yielding a four-level enhancement. The

invocation of Rule 32(i)(3)(B) is inappropriate here. Rule 32(i)(3)(B) ensures an accurate sentence and record by requiring a court to rule on disputed matters, and thus applies more directly to situations where "the defendant pled guilty and the court lacked the advantage of having observed a trial." *United States v. Vandeberg*, 201 F.3d 805, 810 (6th Cir. 2000); *see also United States v. Clark*, 254 F. App'x. 528, 536 (6th Cir. 2007). In situations like this, where the jury's special verdict included findings based on a beyond-a-reasonable-doubt standard, and all involved viewed the same evidence and heard the same witnesses, a sentencing judge complies with Rule 32(i)(3)(B) by adopting the jury's special verdict. *Cockett*, 330 F.3d at 711; *United States v. Grant*, No. 07-10814, 2008 WL 44481, at *4 (11th Cir. Jan. 3, 2008) (per curiam); *United States v. Sanchez-Ordaz*, 225 F. App'x. 456, 458 (9th Cir. 2007).

In sum, Lao's analogy fails because he offers no dispositive holding that suggests that a district court must make an independent judicial finding on a sentencing fact that the jury necessarily found beyond a reasonable doubt. The district court did not err under Rule 32(i)(3)(B)—much less plainly err—by adopting the jury's findings with respect to drug quantity and Lao's role in the offense.

## III.

The district court properly resolved all disputes under Rule 32(i)(3)(B) by adopting the jury's findings. Lao's contention to the contrary is meritless, so we affirm.