MEMORANDUM *
Madonna Hanes appeals her criminal conviction for Tax Evasion and Aiding and Abetting, in violation of 26 U.S.C. § 7201 and 18 U.S.C. § 2, and Conspiracy, in violation of 18 U.S.C. § 371. She challenges the constitutional validity of the search warrant, various evidentiary rulings at trial, the denial of her motion for a new trial, the sentencing determination regarding attributable loss, and the effectiveness of her defense counsel. We affirm.
1. Madonna’s[1] challenge to the service and execution of the search warrant does not merit suppression of the evidence. See Fed.R.Crim.P. 41(f)(1)(C); United States v. SDI Future Health, Inc., 568 F.3d 684, 701 n. 11 (9th Cir.2009); United States v. Williamson, 439 F.3d 1125, 1132-34 (9th Cir.2006). Any statutory violation on the part of federal agents in providing Madonna’s roommate and partner, Kathryn Hanes, with a copy of the warrant at the outset of the search, but not providing Madonna with a duplicate copy, was “mere technical error[.]” Williamson, 439 F.3d at 1133 (internal quotation marks omitted). Suppression is not appropriate because Madonna does not argue (1) that the agents acted in bad faith or (2) that the search would not have *692 occurred or would have been less abrasive had she been given her own warrant copy. See id. at 1133-34.
2. Madonna’s facial challenge to the warrant itself also fails. A notation on the warrant to “See Attachment B” successfully incorporated the contents of Attachment B by reference. See United States v. Towne, 997 F.2d 537, 539, 548-49 (9th Cir.1993). Attachment B was “not vague as to what it directed [the agents] to search for and to seize, ... [so] it did not lack particularity....” SDI Future Health, 568 F.3d 684 at 702. Attachment B also was not overly broad, as it sufficiently “tie[d] the documents sought to the crimes alleged.... ” United States v. Adjani, 452 F.3d 1140, 1148 (9th Cir.2006). Although the list of seizable records was extensive, Attachment B limited the scope of permissible seizure to those items that revealed Defendants’ actual taxable income and/or their intent to conceal that income from the IRS, and it temporally restricted the breadth of the search to those items shedding light on possible income concealment between 1996 and 2000. See SDI Future Health, 568 F.3d at 702-06; Adjani, 452 F.3d at 1148. Cf. United States v. Kow, 58 F.3d 423, 426-28 (9th Cir.1995) (rejecting warrant with similarly extensive list of records because it contained no temporal restrictions and did not provide any indication of the alleged crime).
3. The district court did not err, let alone plainly err, in admitting exhibits and testimony pertaining to Kathryn’s correspondence with a certified public accountant (CPA) and an accounting firm, as these documents did not exceed the scope of the search warrant. See Adjani, 452 F.3d at 1150-51; United States v. Mejia-Luna, 562 F.3d 1215, 1221-22 (9th Cir.2009). The warrant authorized federal agents to seize assorted types of documentary evidence revealing an intent to defraud the IRS of income tax during the years 1996-2000, and the district court’s exclusion order merely held that any documents federal agents may have seized without authorization could not be admitted at trial. The pre-1996 correspondence with the CPA and the accounting firm was probative of the Hanes’s knowledge regarding the fraudulent nature of their scheme as well as their intent to defraud the IRS during subsequent tax years.
4. Even assuming the foregoing exhibits and testimony violated the terms of the exclusion order, Madonna’s argument that her counsel provided ineffective assistance by failing to object to their admission is more properly raised on collateral review. See United States v. Lillard, 354 F.3d 850, 856 (9th Cir.2003). Madonna’s counsel has not had a chance to explain his actions, see United States v. Laughlin, 933 F.2d 786, 789 (9th Cir.1991), and this does not classify as one of those “cases in which trial counsel’s ineffectiveness is so apparent from the record” that further development of “the facts necessary to determining the adequacy of representation during an entire trial” would be superfluous. Massaro v. United States, 538 U.S. 500, 505, 508, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003).
5. Evidence of Kathryn’s early tax delinquency and the events informing her decision to stop filing tax returns was admissible against Madonna because it was “inextricably intertwined” with the conspiracy between Kathryn and Madonna to defraud the IRS in subsequent years and necessary to provide a “coherent and comprehensible story regarding the commission of the crime.” See United States v. DeGeorge, 380 F.3d 1203, 1220 (9th Cir.2004) (internal quotation marks omitted). This evidence was also admissible under Federal Rule of Evidence 404(b) to “help the government provide the background and development of the conspiraey[.]” *693 United States v. Smith, 282 F.3d 758, 768 (9th Cir.2002) (internal quotation marks omitted); see also United States v. Beckman, 298 F.3d 788, 794 (9th Cir.2002). Since the challenged evidence was admissible against Madonna in her capacity as a participant in the conspiracy, a limiting instruction was unnecessary and the district court did not abuse its discretion in refusing to grant a new trial on this basis. See United States v. Kellington, 217 F.3d 1084, 1097 (9th Cir.2000); United States v. Lester, 749 F.2d 1288, 1299 (9th Cir.1984).
6. Finally, the district court’s calculation of the amount of loss attributable to Madonna was not clearly erroneous. “When determining relevant conduct, the district court properly consider[s] charged, uncharged, and acquitted conduct by the defendant.” United States v. Peyton, 353 F.3d 1080, 1089 (9th Cir.2003). “Moreover, because a common scheme to defraud existed, the conduct of [MadonnaJ’s coconspiratorf ] ... can be considered relevant conduct for purposes of her sentencing.” See id.; see also U.S.S.G. § lB1.3(a)(l)(B). The district court did not make an express factual finding on the record as to “the scope of the criminal activity [Madonna] agreed to jointly undertake.” United States v. Riley, 335 F.3d 919, 928 (9th Cir.2003) (internal quotation marks omitted). Nevertheless, there was sufficient evidence from which the district court could infer an “explicit or implicit agreement ]” between Madonna and Kathryn based on their conduct, such as Madonna’s participation in the creation of various sham trust instruments as early as September 1995 and the contents of her personal diary entries throughout the charged time period. See Peyton, 353 F.3d at 1089-90. Accordingly, any error by the district court in failing to state expressly that Madonna was a full participant from the outset was harmless. See United States v. Lyons, 454 F.3d 968, 972 (9th Cir.2006) (harmless error analysis applies to sentencing determinations).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. Because they share the same last name, we refer to Madonna Hanes and Kathryn Hanes by their first names.