**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10622 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00924-GMS-1 |
| v. | |
| PABLO NAVARRETTE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted October 9, 2014[**]
Phoenix, Arizona

Before: WALLACE, SILVERMAN, and M. SMITH, Circuit Judges.

Pablo Navarrette was convicted of sixteen counts of False Statement in

Connection with the Acquisition of a firearm, in violation of 18 U.S.C. §

924(a)(1)(A), and sentenced to 33 months in prison. Navarrette appeals, arguing

that the district court erred by: (1) admitting evidence at trial concerning his

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

personal finances; and (2) imposing a four-level sentencing enhancement under U.S.S.G. § 2K2.1(b)(5). Because the parties are familiar with the facts and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We affirm.

The district court did not abuse its discretion by admitting evidence pertaining to Navarrette's personal finances. Navarrette was charged under 18 U.S.C. § 924(a)(1)(A) for providing a false address in connection with the purchase of over $21,000 in firearms between March 2008 and March 2010. At trial, the government introduced records showing that Navarrette reported approximately $19,000 in earnings in 2008 and $30,000 in 2009, to demonstrate that Navarrette likely used unreported funds to purchase the firearms and therefore had a motive to distance himself from the transactions.

Evidence pertaining to Navarrette's personal finances was relevant under Federal Rule of Evidence 401, because it suggested that Navarrette had a motive to provide a false address in connection with the firearms purchases. *See* Fed. R. Ev. 401. Although the evidence may suggest that Navarrette used unreported funds to purchase the firearms, this evidence is not barred as evidence of another bad act under Rule 404(b), because: (1) Rule 404(b) does not apply to other "offenses committed as part of [the same] criminal episode," *United States v. Lillard*, 354

2

F.3d 850, 854 (9th Cir. 2003); and (2) Rule 404(b) does not bar evidence of other bad acts offered to prove "motive." *United States v. Dorsey*, 677 F.3d 944, 951 (9th Cir. 2012) (citing Fed. R. Ev. 404(b)).

Where evidence of other bad acts is offered for a permissible reason, "the 'only' conditions justifying the exclusion of the evidence are those described in Rule 403," *United States v. Curtin*, 489 F.3d 935, 944 (9th Cir. 2007) (internal citations omitted), and we will not hold that the district court abused its discretion under this Rule, so long as the record shows that the court engaged in Rule 403's balancing inquiry, *Lillard*, 354 F.3d at 855. Here, the district court not only engaged in Rule 403's balancing inquiry, the court also provided a limiting instruction, which is generally sufficient to cure any prejudicial impact caused by prior bad act evidence. *United States v. Bailey*, 696 F.3d 794, 809 (9th Cir. 2012) (citing *Dubria v. Smith*, 224 F.3d 995, 1002 (9th Cir. 2000)).

With respect to sentencing, the district court did not err in imposing a four-level sentencing enhancement under U.S.S.G. § 2K2.1(b)(5). Navarrette was convicted under 18 U.S.C. § 924(a)(1)(A). The statute has no mandatory minimum sentence and carries a maximum sentence of 60 months. *See* 18 U.S.C. § 924(a)(1)(D). At sentencing, the district court calculated a base offense level of twelve and added a four-level sentencing enhancement under U.S.S.G. §

3

2K2.1(b)(5), finding that "the defendant engaged in the trafficking of firearms." Because the district court ultimately sentenced Navarrette to 33 months in prison, it did not violate *Alleyne v. United States*, 133 S. Ct. 2151 (2013) or *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See United States v. Vallejos*, 742 F.3d 902, 906 (9th Cir. 2014) (neither *Alleyne* nor *Apprendi* is implicated where a judge imposes a sentencing enhancement that does not affect the statutory maximum sentence or the mandatory minimum sentence). Moreover, the district court's finding that Navarrette trafficked firearms was not clearly erroneous. The evidence in the pre-sentence report (PSR) fairly implied that Navarrette trafficked firearms into Mexico, and Navarrette presented no contrary evidence. *See United States v. Newhoff*, 627 F.3d 1163, 1170 (9th Cir. 2010) (the district court may rely on the PSR to find facts underlying a sentencing enhancement); *United States v. Marin-Cuevas*, 147 F.3d 889, 895 (9th Cir.1998) (the district court may rely on circumstantial evidence to find facts underlying a sentencing enhancement).

**AFFIRMED.**